

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-29-2008

# Leach v. NW Mutual Life Ins

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4786

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Leach v. NW Mutual Life Ins" (2008). *2008 Decisions*. Paper 1686.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1686

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-4786/5081
_____

MARK J. LEACH,

Appellant

v.

NORTHWESTERN MUTUAL INSURANCE COMPANY
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 01-cv-02364)
District Judge: Honorable Maurice B. Cohill, Jr.
_____

Submitted Under Third Circuit LAR 34.1(a)
January 7, 2008

Before:   FUENTES and JORDAN, *Circuit Judges*
and O'NEILL*, *District Judge.*

(Filed January 29, 2008)
_____

OPINION OF THE COURT
_____

JORDAN, *Circuit Judge*.

_____

   *Honorable Thomas N. O'Neill, Jr., United States District Court Judge for the Eastern District of Pennsylvania, sitting by designation.

Mark J. Leach ("Leach") appeals from the November 16, 2006 and November 28, 2006 final judgments of the District Court entering judgment in favor of Northwestern Mutual Life Insurance Company ("Northwestern") following a jury trial in this breach of contract case. The jury returned a verdict against Leach on his breach of contract claim, and in favor of Northwestern on its claims for breach of contract, unjust enrichment, misrepresentation and fraud. The District Court also awarded attorneys' fees and costs to Northwestern. Jurisdiction in the District Court was predicated on 28 U.S.C. § 1332(a), and we have jurisdiction pursuant to 28 U.S.C. § 1291.[1] We will affirm the final order and judgment of the District Court.

I.

This is a dispute over whether Leach is entitled to continue to receive total disability benefits under an insurance contract with Northwestern. Leach purchased the policy on October 2, 1987 (the "Policy"). The Policy provided for certain benefits in the

---

[1]The District Court entered an order denying Leach's motion for a new trial on October 16, 2006. Leach filed a Notice of Appeal, paid appeal fees, and was assigned Docket No. 06-4786 on November 14, 2006. Then, on November 16, 2006, the District Court issued an order awarding attorneys' fees and costs to Northwestern, together with an order entering final judgment pursuant to Fed. R. Civ. P. 58. We consider Leach's Notice of Appeal in No. 06-4768 to be filed as of November 16, 2006, pursuant to Fed. R. App. P. 4(a)(2) ("A notice of appeal filed after the court announces a decision or order – but before the entry of the judgment or order – is treated as filed on the date of and after the entry."). The District Court amended the final judgment on November 28, 2006. Leach then filed a second Notice of Appeal (as opposed to an amended Notice of Appeal), again paid appeal fees, and was assigned Docket No. 06-5081 on December 15, 2006. The two appeals were consolidated and are being treated as one because they seek review from the District Court's related November 16 and 28, 2006 final judgment orders.

event of total disability and a different level of benefits in the event of partial disability. To prove total disability, Leach had to prove, by a preponderance of the evidence, that he was unable to perform the principal duties of his occupation and that he was not gainfully employed in any occupation.

Leach suffered a heart attack in May 1991 and began receiving total disability benefits under the Policy in September of that year. At some point, he claimed and received total disability benefits based upon a muscle condition and exhaustion, as opposed to his heart attack. In mid-1998, Northwestern began a detailed review of Leach's claims. As a result of the investigation, it concluded that Leach was no longer totally disabled, as defined by the Policy. Northwestern had discovered that, during Leach's period of alleged disability, he became an owner and manager of a restaurant and a marina, that he owned and operated a fishing boat, that he traveled to Russia to negotiate an oil contract, and that he performed paid consulting work for M&K Electrical, his former company.

Northwestern stopped paying disability benefits to Leach in April 2001, and it demanded that Leach reimburse it in the amount of $219,271.60 for benefits paid from September 1998 through March 2001. Leach then filed a complaint against Northwestern, seeking damages based on breach of contract, bad faith, and deceptive business practices. Northwestern counterclaimed for breach of contract, fraud, misrepresentation, unjust enrichment and declaratory judgment. The parties engaged in extensive fact discovery and filed cross motions for summary judgment. On December

3

22, 2005, the District Court issued an opinion and order denying Leach's motion for summary judgment and granting in part Northwestern's motion on Leach's bad faith and deceptive business practices claims. The case went to trial in September 2006, resulting in a jury verdict in favor of Northwestern on all claims.

## II.

Leach raises three arguments on appeal. First, he says that the District Court abused its discretion by denying his motion for leave to amend his complaint. Second, he claims that the District Court committed legal error in granting summary judgment to Northwestern on his bad faith and deceptive business practices claims. Finally, he argues that the District Court erred in submitting amended special interrogatories to the jury after it first returned a set of inconsistent answers. We address each argument in turn.

## III.

Leach claims that the District Court abused its discretion by denying his motion to amend his complaint to add a claim for partial disability. Leach did not assert a claim for partial disability in his complaint or in his reply to Northwestern's counterclaim. On December 22, 2005, the District Court issued its opinion and order on summary judgment, which stated, "[t]he plaintiff does not claim partial disability," (App. 234)[2]; "[a]t the heart of this case is whether the plaintiff qualified for benefits because he was totally disabled as defined in the policy," (App. 239-40); and "[t]here is no record

---

[2]Citations to "App." refer to the Appendix filed by Leach.

evidence that either the plaintiff or the defendant discussed payments for partial disability, and the plaintiff testified that he is seeking payment in this action only for full, not partial, disability." (App. 241).

During the pretrial conference on September 5, 2006, the morning of trial, the District Court confirmed on the record that the parties were "strictly talking about a claim for complete disability during the period in question." (App. 78.) Northwestern's counsel responded in the affirmative, and Leach's counsel stated, "When I – I'm going to preserve my objection on the record, and I oppose that ruling based on the fact that we should have leave [to amend]. Our pleadings do reflect Mr. Leach's subsequent employment after filing the complaint. So, we object to the ruling. Thank you." (App. 78-9.)

The docket and record reflect that Leach never filed a motion to amend his complaint to add a claim of partial disability, nor do Leach's pleadings reflect such a claim, contrary to counsel's statements. The District Court issued an opinion that clearly states, at least three times, that Leach's claim was only for total disability. Leach does not even attempt to explain why he did not seek leave to amend his complaint to add a claim of partial disability after the District Court issued its opinion and prior to trial. His argument on appeal appears to be nothing more than a *post hoc* attempt to amend his complaint. We cannot say that the District Court abused its discretion in denying a motion to amend because such a motion was never actually before the District Court.

## IV.

Leach next argues that the District Court committed legal error in granting partial summary judgment to Northwestern on the issues of bad faith and deceptive business practices. He claimed that Northwestern had acted in violation of Pennsylvania's bad faith statute, 42 Pa. C.S. § 8371. To sustain such a claim, Leach needed to prove by clear and convincing evidence that (1) the insurer lacked a reasonable basis to deny benefits under the policy; and (2) the insurer knew or recklessly disregarded its lack of a reasonable basis. *Klinger v. State Farm Mut. Auto Ins. Co.*, 115 F.3d 230, 233 (3d Cir. 1997). The District Court found that Leach failed to meet his burden, and it further held that he had presented no competent evidence from which a reasonable jury could find that the insurer acted in bad faith. In particular, the District Court determined that Northwestern provided ample documentation showing that it had conducted an extensive evaluation into Leach's claim and had a reasonable basis for denying benefits. We agree.

Leach also claimed that Northwestern engaged in deceptive business practices under Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 Pa. C.S. § 201-1, by violating the Unfair Insurance Practices Act ("UIPA"), 40 Pa. C.S. §§ 1171.1 *et seq.* As the District Court pointed out, there is no private right of action under the UIPA, which can only be enforced by the state insurance commissioner. *D'Ambrosio v. Penn. Nat'l Mut. Cas. Ins. Co.*, 431 A.2d 966, 970 (Pa. 1981). Therefore, the District Court did not err in finding that, insofar as Leach's claim for bad faith was based upon an alleged violation of the UIPA, it failed as a matter of law.

Moreover, there is no right to recover under the UTPCPL for nonfeasance, which is the failure to perform a contractual duty. *Horowicz v. Federal Kemper Life Assurance Co.*, 57 F.3d 300, 307 (3d Cir. 1995). An insurer's failure to pay benefits under a policy constitutes simple nonfeasance and is not actionable under the UTPCPL. *Id.* Because Leach argued only that Northwestern improperly denied him disability benefits, which constitutes nonfeasance, the District Court did not err in determining that Leach's claim under the UTPCPL failed as a matter of law.

In sum, the District Court did not commit legal error in granting partial summary judgment to Northwestern on the issues of bad faith and deceptive business practices, and we will affirm the decision against Leach on those claims.

V.

Finally, Leach argues that he deserves a new trial because the District Court submitted a new set of special interrogatories to the jury after the first set of responses that the jury returned was inconsistent. Northwestern argues that Leach did not preserve this issue for appeal because he did not raise any such objection before the District Court. We agree.

On September 13, 2006, the jury returned inconsistent responses to special interrogatories. Specifically, the jury responded that Leach was not disabled for a certain period of time during which he was collecting benefits, but that he did not commit fraud upon and was not unjustly enriched by Northwestern. The District Court and counsel immediately recognized the inconsistency, and, rather than declare a mistrial, the District

7

Court asked the jury to return the next morning to answer a new set of special interrogatories.

On September 14, 2006, Leach submitted to the Court his proposed amended special interrogatories, which did not include interrogatories pertaining to Northwestern's counterclaims for fraud and unjust enrichment. The District Court concluded that the amended special interrogatories needed to include questions regarding those counterclaims. Leach's counsel stated, "Your Honor, the only reason I didn't include the unjust enrichment and fraud was because [the jury] answered no, but I have no problem with those being back on the slip again." (App. 109.) Amended interrogatories were prepared, and the District Court gave counsel another opportunity to review them before they were submitted to the jury. Leach's counsel suggested revisions to the questions about unjust enrichment and fraud.

The jury's responses to the amended special interrogatories were that Leach was not disabled for a period of time while collecting benefits from Northwestern, and that he had committed fraud and was unjustly enriched. Leach's counsel did not object to the jury's responses, though he did ask the Court to reach back to the first set of interrogatory responses and mold a verdict more to plaintiff's liking.

Leach has waived any argument that the District Court erred in submitting the amended special interrogatories to the jury. First, he agreed that the jury's first set of responses was inconsistent, and he agreed to draft amended special interrogatories to help resolve that inconsistency. Second, he did not object to the District Court adding

8

questions about fraud and unjust enrichment to the amended special interrogatories. Third, he edited the language of those amended special interrogatories. Finally, he did not object to the jury's answers to the amended special interrogatories, though he clearly preferred some of the answers the jury had given the first time. Therefore, in the absence of any objections before the trial court, Leach cannot now complain on appeal that it was error to submit the amended special interrogatories to the jury.

## VI.

For the foregoing reasons, the District Court's orders entering final judgment in favor of Northwestern and awarding attorneys' fees and costs to Northwestern will be affirmed.